**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 13-cv-01185-CMA-MJW

AMY CORDOVA,

    Plaintiff,

v.

4 STAR RESOLUTION, LLC,

    Defendant.
_____

**ORDER GRANTING ACTUAL DAMAGES**
_____

    This matter is before the Court on the Court's Order of Judgment, (Doc. # 15). The Court held a hearing on the issue of actual damages (Doc. # 18), and received submissions from Plaintiff Amy Cordova (Doc. # 21).

**I. BACKGROUND**

This matter stems from allegations that Defendant 4 Star Resolution violated the Fair Debt Collection Practices Act. Plaintiff alleges that Defendant placed collection calls to her, seeking to collect on a "bad check" written by Plaintiff in 2007. (Doc. # 1, ¶ 14.) During one such call, Plaintiff claims that Defendant threatened her with jail, resulting in emotional damages. (Doc. # 21). Defendant has failed to enter an appearance or otherwise respond to this action and the Court entered final judgment on July 22, 2013, awarding statutory damages in the amount of $1000.00. (Doc. # 15.) The Court held a hearing on attorney fees and actual damages and awarded attorney fees on August 15, 2013. (Doc. # 18.)

## II. **THE FDCPA**

The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e. The FDCPA provides that a successful plaintiff shall be awarded reasonable attorney fees as determined by the court. 15 U.S.C. § 1692k(a)(3). In relevant part, § 1692k(a) provides as follows:

> (a) Amount of damages
>
> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—
>
> (1) any actual damage sustained by such person as a result of such failure;
>
> (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or

2

(B) [not relevant]; and

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

15 U.S.C.A. § 1692k(a).

### III. ACTUAL DAMAGES

After entering default judgment, the Court takes all of the well-pleaded facts in a complaint as true. *See United States v. Craighead*, 176 Fed.Appx. 922, 925 (10th Cir. 2006) (order and judgment). "If defendant does not contest the amount prayed for in the complaint by failing to answer and the claim is for a sum certain or a sum that can be made certain by computation, the judgment generally will be entered for that amount without any further hearing. *Id.* (quoting 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2688 (3d ed. 1998) (internal quotations omitted); *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) ("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation.") "It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." 10A C. Wright, A. Miller & M. Kane, *supra,* § 2688 (quoting *Pope v. United States,* 323 U.S. 1, 12, 65 S.Ct. 16, 89 L.Ed. 3 (1944)).

A plaintiff who establishes a violation of the FDCPA may recover damages for personal humiliation, embarrassment, mental anguish, or emotional distress. 15 U.S.C.

§ 1692k(a)(1). In relying on her own testimony, Plaintiff is required to "explain [her] injury in reasonable detail and not rely on conclusory statements." *Llewellyn v. Allstate Home Loans, Inc.*, 711 F.3d 1173, 1182 (10th Cir. 2013) (quoting *Bagby v. Experian Information Solutions, Inc.,* 162 Fed.Appx. 600, 605 (7th Cir. 2006) (internal quotation marks omitted)).  However, Plaintiff is not required to produce evidence to corroborate her detailed and specific testimony.  *Id.*  "An injured person's testimony **alone** may suffice to establish damages for emotional distress provided that she reasonably and sufficiently explains the circumstances surrounding the injury and does not rely on mere conclusory statements."  *Id.* at 1183 (quoting *Bach v. First Union Nat. Bank,* 149 Fed.Appx. 354, 361 (6th Cir. 2005) (emphasis in original).

Here, Plaintiff does not claim any out-of-pocket losses or other actual damages, except damages for alleged emotional distress she sustained as a result of Defendant's conduct.  (Doc. # 13.)  The Court must therefore determine whether Plaintiff is entitled to the damages she seeks.  Plaintiff avers that during a collection call on April 2, 2013, Defendant allegedly threatened that Plaintiff would go to jail if the debt was not paid. (Doc. # 1, ¶¶ 16, 17.)  As a result of Defendant's call, Plaintiff claims she suffered "emotional distress that included sleeplessness, fear . . ., nervousness, depression, feelings of hopelessness and pessimism, loss of appetite, restlessness, nausea and irritability, headaches, and embarrassment when talking to friends and family."  (Doc. # 21.)  Taking the factual allegations as true with liability established by virtue of default judgment, the Court determines that Plaintiff has demonstrated that she is entitled to actual damages.  Pursuant to Plaintiff's request, the Court awards her $1500.00 for the

4

one threatening phone call she avers she received from Defendant.  *See Guajardo v. GC Services, LP*, 498 Fed.Appx. 379, 387 (5th Cir. 2012) (upholding an award of $1500 per telephone call).

## IV. **CONCLUSION**

Accordingly, the Court finds that Plaintiff has demonstrated actual damages.  It is ORDERED that Plaintiff is awarded $1500.00 in actual damages, pursuant to 15 U.S.C. § 1692(k)(a)(1).

DATED:  August __30__, 2013

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge